UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| Zachary Zapata, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No.: 3:14-CV-523-PLR-HBG |
| East Tennessee Human Resource Agency Inc., *et al.* | ) |
| *Defendants*. | ) |

**Memorandum Opinion and Order**

This matter is one of several related cases asserting claims against the East Tennessee Human Resource Agency ("ETHRA") and various Tennessee counties for constitutional deprivations and state law torts.[1]  The plaintiffs were all convicted of crimes and sentenced to probation.  ETHRA contracted with the defendant counties to provide probation services on behalf of the counties.  Toward the end of the plaintiffs' probation, ETHRA employees summoned the plaintiffs and asked them to sign a document voluntarily extending their probationary term because they had failed to pay their fees and probation costs.  Plaintiffs allege their signatures were obtained without the benefit of counsel, and under the apparent threat of incarceration.  Signatures in hand, the

---

[1] The related cases include:

1. *Lawrence v. East Tennessee Human Resource Agency, Inc., et al.*, 3:14-cv-534-PLR-HBG
2. *Hawkins v. East Tennessee Human Resources Agency, Inc., et al.*, 3:15-cv-250-PLR-HBG
3. *Bohanon v. East Tennessee Human Resources Agency, Inc., et al.*, 3:14-cv-469-PLR-HBG
4. *Felbarth v. East Tennessee Human Resources Agency, Inc., et al.*, 3:15-cv-329-PLR-HBG

ETHRA probation officers obtained judicial orders extending the plaintiffs' probationary periods. Later, after the initial probationary period expired, but during the "extended" probationary period, the ETHRA probation officers issued violation of probation warrants that were signed by a trial judge. The plaintiffs were eventually arrested for violating the terms of their probation. This matter now comes before the Court on the defendants' motions to dismiss for failure to state a claim [R. 12, 15].

I.

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the

2

complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.3d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

II.

On August 25, 2011, the plaintiff pled guilty in the General Sessions Court of Loudon County, to Driving under the Influence; Leaving the Scene of an Accident; and Violation of the Financial Responsibility Law. The Plaintiff was placed on ETHRA supervised probation for a period of eleven months and twenty-nine days. This probationary term was set to expire on August 24, 2012. As part of his plea agreement, the plaintiff was to pay a fine, courts costs, and probation supervision fees.

On October 19, 2011, a violation of probation warrant was issued for the plaintiff for failure to pay his court costs and probation supervision fees. On October 3, 2012, the plaintiff was found guilty of violating his probation following a revocation hearing. The plaintiff was sentenced to serve thirty days in the Loudon County Detention Center, and was placed on a new probationary period of eleven months and twenty-nine days under the supervision of ETHRA. The plaintiff signed a Probation Order stating that he was to continue paying toward costs, fines, and probation supervision fees. The probationary term was set to expire on October 2, 2013.

On September 9, 2013, less than one month before the plaintiff's probationary term was set to expire, the plaintiff and his probation officer, Nicci Smith, signed another Probation Order, extending the plaintiff's probation until October 1, 2014. This

3

Probation Order was signed by the plaintiff in lieu of bringing the plaintiff before the court on a violation of probation warrant. The Probation Order was signed by the plaintiff without benefit of counsel. As a result of the Probation Order, the plaintiff was required to continue paying fees, visit probation, and submit to drug testing.

On July 2, 2014, Nicci Smith executed an affidavit for a violation of probation warrant for the plaintiff's arrest. On July 17, 2014, the plaintiff was arrested and taken into custody and held without bond. Upon arrest, the plaintiff's person and personal property were seized and searched. On July 23, 2014, the plaintiff was forced to submit to drug testing. On July 30, 2014, the prosecution agreed to release the plaintiff from custody. On August 6, 2014, the plaintiff's violation of probation warrant was dismissed based upon lack of jurisdiction of the trial court, and the plaintiff was released from probation.

The plaintiff has asserted causes of action under 42 U.S.C. § 1983 for deprivation of liberty without due process of law; unreasonable search and seizure; violation of right to privacy; cruel and unusual punishment; denial of equal protection of the law; and violation of right to counsel. The plaintiff has also asserted claims arising under Tennessee state law for false arrest and false imprisonment; official oppression; extortion; infliction of emotional distress; fraud and misrepresentation; duress; malicious prosecution; and negligence.

III.

ETHRA, Nicci Smith, and Loudon County have filed motions to dismiss based on the statute of limitations. The defendants contend that a one-year statute of limitations

4

applies to the plaintiff's claims arising from the Probation Order signed on September 9, 2013. The plaintiff's complaint was not filed until November 5, 2014, well past the one-year statute of limitations. Because the plaintiff did not file his complaint until after expiration of the one-year statute of limitations, the defendants assert his claims are time-barred and should be dismissed.

Further, the defendants submit that the plaintiff's official capacity claim against Nicci Smith must be dismissed as the claim is redundant inasmuch as ETHRA, the governmental entity has been sued by the plaintiff.

The plaintiff acknowledges that a one-year statute of limitations applies to his § 1983 claims, and he acknowledges that the violation of probation warrant was issued well over a year before he filed suit, but the plaintiff contends that his constitutional causes of action did not actually accrue until he was served with the violation of probation warrant and taken into custody on July 17, 2014. According to the plaintiff, it was not until then that he knew or had reason to know of the injury that is the basis for his action. Alternatively, the plaintiff argues that his § 1983 claims were timely filed under the continuing violation doctrine or under the doctrine of deferred accrual.

IV.

While the plaintiff has asserted numerous claims, they all stem from two injuries: *first*, the plaintiff alleges his probation was extended without procedural safeguards like a revocation hearing or even the advice of counsel, possibly in violation of state law and the plaintiff's due process rights; *second*, the plaintiff was arrested for violating the terms of his probation after his original probationary period expired. The plaintiff's claims

5

relating to the first injury are time barred; his claims relating to the second injury are not.

A.     Extension of Probation

In Tennessee, a one-year statute of limitations period applies to personal injury and § 1983 claims. Tenn. Code Ann. § 28-3-104. The statute of limitations generally begins to run in § 1983 actions once the plaintiff knows or has reason to know of the injury which is the basis of the action. *Eidson v. State of Tennessee*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "[I]n determining when the cause of action accrues in section 1983 actions, [the Sixth Circuit has] looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle*, 103 F.3d at 520).

Without question, the plaintiff should have been alerted to the need to protect his rights the day he signed the September 9, 2013 Probation Order. The plaintiff knew of his injury the moment he signed the order extending his probation, but the plaintiff argues that the continuing violation doctrine applies to his case on the grounds that his injuries relating to the extension of his probation continued to manifest on a day-by-day basis. The continuing violation doctrine, however, only applies in cases involving continued wrongful conduct on the defendants' part. *Eidson*, 510 F.3d at 635. "[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert v. State of Ohio Dep't of Trans.*, 172 F.3d 934, 940 (6th Cir. 2002). Passive inaction by the alleged wrongdoers does not support a continuing violation theory. *Id.*

6

The Court finds that the plaintiff had constructive knowledge of his injury the day he signed the September 9, 2013 Probation Order, and the defendants did not continually act to deprive the plaintiff of his rights. The continuation of his probation was simply a continued ill effect of the initial unlawful acts. Accordingly, the plaintiff's claims against ETHRA and Nicci Smith relating to the extension of his probation will be **DISMISSED** as time-barred.

B.      Arrest on July 17, 2014

The plaintiff's claims relating to his arrest on July 17, 2014, are not time-barred. From the facts pled, there is no basis for concluding that the plaintiff knew or had any reason to believe that his probation officer had issued a probation violation warrant until the day of his arrest. The arrest was not a continued ill-effect as the defendants argue, but was instead an injury resulting from the defendants' allegedly unlawful issuance of the probation violation warrant. The issuance of that warrant was a wholly separate act from the extension of the plaintiff's probation, and the statute of limitations clock did not begin to tick with respect to that injury until the moment the plaintiff objectively had notice of his injury—the day of the arrest. Those claims are within the one-year statute of limitations. Accordingly, the defendants' motion to dismiss the plaintiff's claims relating to his arrest, including the issuance of the arrest warrant, is **DENIED**.

C.      Official Capacity Claim Against Nicci Smith

The defendants request that the Court dismiss all official capacity claims against ETHRA probation officer Nicci Smith because ETHRA is also a defendant. It is well-settled that lawsuits against individuals in their official capacity are treated as lawsuit

against the governmental entity. *Kentucky v. Graham,* 473 U.S. 21, 25; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). As the Supreme Court has noted, "as long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham* at 166. The claim against ETHRA and Smith in her official capacity is redundant, and the official capacity claim is **DISMISSED.**

V.

In light of the foregoing discussion, the defendants' motions to dismiss [R. 12, 15] are **GRANTED in part** and **DENIED in part** as follows:

1. The official capacity claim against Nicci Smith is **DISMISSED.**

2. Claims arising from the extension of the plaintiff's probation are **DISMISSED** as time-barred,

3. Claims arising from the plaintiff's arrest on July 17, 2014, are timely, and the defendants' motions to dismiss these claims are **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

8

Case 3:14-cv-00523-PLR-HBG   Document 29   Filed 09/25/15   Page 8 of 8   PageID #: 176